OPINION
Defendant-appellant Samuel Steele appeals the October 29, 1998, Judgment Entry of the Canton Municipal Court overruling his Motion to Suppress. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On July 31, 1998, appellant was arrested for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1), (A)(3) and driving left of center in violation of R.C. 4511.29. Thereafter, appellant on September 7, 1998, filed a Motion to Suppress Evidence. A hearing on appellant's motion was held on October 23, 1998. The following evidence was adduced at the hearing. On July 31, 1998, at approximately 9:30 P.M., Sergeant Andrew Eick of the Waynesburg Police Department received a radio dispatch from the Carroll County Sheriff's Department that a "possible point-nineteen DUI driver" driving a blue Chevy truck was heading into his jurisdiction. Transcript of Proceedings at 8. Eick then got into his marked cruiser and headed down East Lisbon. Shortly thereafter, Sergeant Eick, who was in uniform and driving a marked cruiser, observed a two-door blue Chevy truck coming off of State Route 171 and coming up East Lisbon. As Eick was driving towards the truck, he observed the truck go left of center by one half of its width. After Sergeant Eick activated his overhead lights, made a U-turn and began following the blue chevy truck, he saw the truck drive left of center two more times, for a total of three times. For such reason, Eick effectuated a traffic stop of appellant's truck at approximately 9:55 P.M. As he approached the driver's side of the vehicle, Eick "smelled a strong odor of alcoholic beverage." Transcript of Proceedings at 10. When Eick asked appellant if he had been drinking that night, appellant admitted that he had been drinking and that he had had five or six beers. Appellant's speech, Eick testified, was "rather slurred" and his eyes were bloodshot. Transcript of Proceedings at 12. Eick also testified that appellant was "very talkative." Id. Appellant, when asked by Eick, agreed to submit to three field sobriety tests. On the nine-step walk-and-turn test, appellant lost his balance after only two or three steps. Appellant was similarly unable to perform the one-legged stand test, losing his balance after a count of three, or to completely recite the alphabet. Eick testified that he was trained to perform all three field sobriety tests at a DUI training course at the police academy and that he had successfully completed such training. After appellant failed all three field sobriety tests, appellant was arrested for driving under the influence of alcohol. A subsequent inventory search of his truck before it was towed yielded a can of beer which was half full. A blood alcohol test that was performed on appellant at approximately 10:39 P.M. at the Minerva Police Department revealed a blood alcohol level of .18. Appellant was also cited for driving left of center. At the conclusion of the hearing on appellant's Motion to Suppress, the trial court took the matter under advisement. Pursuant to a Judgment Entry filed on October 29 1998, the trial court overruled appellant's Motion to Suppress. On November 30, 1998, appellant entered a plea of no contest to one count of driving under the influence in violation of R.C. 4511.19(A)(1), (A)(3). The charge of driving left of center was dismissed. Thereafter, appellant was sentenced to 365 days in jail and fined $650.00. The trial court suspended all but 30 days of the jail time on condition of good behavior for two years. Appellant was also ordered to perform fifty hours of community service, and to complete the Quest Multiple Offender's Program, and to pay court costs. Appellant's driver's license was suspended for three years, and his vehicle was ordered impounded and immobilized for 180 days, effective May 31, 1998. A Supplemental Order was filed on November 30, 1998. It is from the trial court's order overruling his Motion to Suppress that appellant now appeals, raising the following assignment of error:
 THE POLICE OFFICER LACKED PROBABLE CAUSE TO JUSTIFY THE ARREST OF MR. STEELE AND THE ADMINISTRATION OF A BREATH ALCOHOL TEST THEREBY VIOLATING THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.
 I
Appellant, in his sole assignment of error, challenges the trial court's denial of his Motion to Suppress, arguing that there was no probable cause to arrest him. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982) 1 Ohio St.3d 19; State v. Klein (1991),73 Ohio App.3d 486, State v. Guysinger (1993) 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, State v. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v. Guysinger (1993), 86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Under Terry v. Ohio (1968), 392 U.S. 1, a law enforcement officer may initiate an investigatory stop of a person when the officer has a reasonable suspicion of criminal activity. To justify such a stop, the seizing officer must be able to point to specific and articulable facts which, taken together with rational inferences from these facts, reasonably warrant the officer's suspicion of criminal activity. Id at 20. The test for determining whether an officer has probable cause to make an arrest for driving under the influence of alcohol is whether the facts and circumstances within the officer's knowledge were sufficient to cause a prudent person to believe that the suspected violator had committed the offense. State v. Barnes (June 16, 1996), Ashland App. No. 1136, unreported. See also State v. Heston (1972), 29 Ohio St.2d 152
and State v. St. John (March 28, 1995), Holmes App. No. 520, 521 unreported. Whether or not there is probable cause is based on the totality of the circumstances. Beck v. Ohio (1964),379 U.S. 89. Upon review of the transcript of the suppression hearing, we find that based on the totality of the circumstances, there were sufficient facts to cause a prudent person to believe that appellant was operating his truck while under the influence of alcohol. Shortly after Sergeant Eick was advised by the Carroll County Sheriff's Department that a possible DUI driver in a blue Chevy truck was heading into his jurisdiction, he observed a blue Chevy truck coming off of State Route 171 and coming up East Lisbon. Eick, after observing the truck go left of center so that at least one-half of the truck was in Eick's lane of travel, made a U-turn and began following the same. He then saw the truck drive left of center two more times. After stopping appellant's truck, Eick smelled a strong odor of alcohol as he approached the same. Thereafter appellant, whose speech was slurred and whose eyes were bloodshot, admitted to drinking five or six beers. Although Eick did not administer the horizontal gaze nystagmus test due to his lack of training in administering the same, appellant failed the three field sobriety tests that Eick did administer. Appellant argues that Sergeant Eick, despite his training in administering field sobriety tests, lacked the appropriate training to give such tests and to interpret the results of the same. Appellant further points to the lack of a form indicating appellant's score on the field sobriety tests and how the score was determined. However, even if the results of such tests are disregarded, we find that the totality of facts were sufficient to cause a prudent person to believe appellant was operating his truck while under the influence of alcohol. See State v. Barnes, supra. Moreover, at the October 23, 1998, hearing, Eick testified that his decision to arrest appellant was not based solely on the results of the field sobriety tests, but "it was the field sobriety tests, him openly admitting that he had five or six beers. . . ." Transcript of Proceedings at 24. Also, when questioned by defense counsel, Eick admitted that while he did not conclude that appellant was under the influence of alcohol until after appellant's performance on the field sobriety tests, he had started forming such an opinion when he approached appellant's truck and smelled a strong odor of alcohol coming from the same. Transcript of Proceedings a 53. The trial court, therefore, did not err in denying appellant's Motion to Suppress. Appellant's sole assignment of error is overruled.
The judgment of the Canton Municipal Court is affirmed.
By Edwards, J. Farmer, P.J. and Reader, V. J. concur